UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESPERANZA DIAZ,

                    Plaintiff,

        -against-

SOUND FEDERAL CREDIT UNION, F/K/A
STAMFORD FEDERAL CREDIT UNION,

                    Defendant.

25-CV-10556 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Esperanza Diaz, brings this *pro se* action, invoking 42 U.S.C. § 1983 and alleging that Defendant Sound (or Stamford) Federal Credit Union violated her Fourteenth Amendment right to procedural due process in attempting to enforce a judgment against her issued by the Bronx Civil Court. Plaintiff has filed an Emergency Ex Parte Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, in which she asks the Court to issue a temporary restraining order prohibiting Defendant from executing the state court's judgment. (ECF 5.)

To obtain such preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. For example, Plaintiff seeks to assert a constitutional claim under Section 1983, but private parties, such as the Defendant credit union, are generally not liable under Section 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Although there are limited circumstances in which a nominally private actor can be deemed a state actor for Section 1983 purposes, Plaintiff does not allege facts suggesting that any of those circumstances are present here.[1]

Even if Plaintiff could state a viable claim, any such claim would likely be barred by the *Rooker-Feldman* doctrine, which precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").[2]

---

[1] Those limited circumstances include where (1) the nominally private entity acts "pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) the state encourages, or the entity willfully participates, in a joint activity with the state, or the "entity's functions are 'entwined' with state policies"; or (3) the entity "has been delegated a public function by the [s]tate." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d. Cir. 2008) (per curiam) (quoting *Brentwood Acad.*, 531 U.S. at 296)).

[2] Plaintiff asserts that she "does not seek to modify, reverse, vacate, or disturb the state court judgment." (ECF 5, at 5.) However, the crux of her legal claim is that the state court never had jurisdiction over her because the affidavit of service filed in the state court "contained multiple facial defects." (ECF 1, at 3.) By asking this Court to restrain Defendant from executing the state court judgment because the state court had no jurisdiction to issue that judgment,

Accordingly, Plaintiff's request for a temporary restraining order and preliminary injunction (ECF 5) is denied. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's request for a temporary restraining order and preliminary injunctive relief (ECF 5) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 22, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

Plaintiff appears to be asking the Court to review and reject the state court's determination that it had jurisdiction to issue its judgment.

3