UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESPERANZA DIAZ,

                    Plaintiff,

          -against-

SOUND FEDERAL CREDIT UNION, F/K/A
STAMFORD FEDERAL CREDIT UNION,

                    Defendant.

25-CV-10556 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, invokes 42 U.S.C. § 1983, alleging that Defendant

Sound Federal Credit Union, also known as Stamford Federal Credit Union, violated her right to

procedural due process under the Fourteenth Amendment. By order dated December 19, 2025,

the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. By order dated December 22, 2025, Chief Judge Laura Taylor Swain denied

Plaintiff's request for preliminary injunctive relief. (ECF 12.) The Court dismisses this action for

the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On November 17, 2023, Defendant filed a civil action of an unspecified nature against Plaintiff in the Bronx Civil Court and obtained a judgment against her on August 12, 2025. Plaintiff alleges that the affidavit of service in that action "contain[ed] multiple facial defects," including "(a) the absence of a jurat indicating that the affiant was sworn; (b) internally inconsistent assertions regarding the method

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

of service; (c) speculative or inaccurate identifying descriptions; and (d) identification of documents not authorized to commence a Bronx Civil Court action." (ECF 1, at 3.)

Following entry of judgment in the state court, Defendant "initiated and threatened post-judgment enforcement efforts, including steps toward repossession of Plaintiff's property." (*Id.*) Plaintiff challenges the "legal sufficiency" of the affidavit of service in the underlying state court action "as the jurisdictional predicate for post-judgment enforcement." (*Id.*) She asserts that Defendant violated her procedural due process rights under the Fourteenth Amendment when it "reli[ed] on a facially defective affidavit of service, including the absence of a jurat, as the jurisdictional predicate for invoking state enforcement power to seize Plaintiff's property." (*Id.*)

Plaintiff seeks an injunction prohibiting Defendant from enforcing its state court judgment against Plaintiff "where such enforcement relies upon the defective affidavit of service" in the state court action. (*Id.* at 4.)

## DISCUSSION

### A.    The *Rooker-Feldman* doctrine

Congress has vested appellate jurisdiction over state court judgments exclusively with the United States Supreme Court. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (["Section] 1257, as long interpreted, vests authority to review a state court's judgment solely in" the Supreme Court). A litigant seeking relief from a state court judgment may appeal within the state system and file a petition for a writ of certiorari to the United States Supreme Court.

The *Rooker-Feldman* doctrine—created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)—precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp.*, 544 U.S. at 284 (holding that federal district courts are barred

3

from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *see Harriot v. JP Morgan Chase Bank NA*, No. 16-CV-0211 (GBD), 2016 WL 6561407, at \*3 (S.D.N.Y. Oct. 21, 2016) ("[Under *Rooker-Feldman*,] federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments, including claims that are inextricably intertwined with a prior determination of a state court." (internal quotation marks and citations omitted)). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff's claims meet each prong of the *Rooker-Feldman* test: She lost to Defendant in state court and filed this action after the state court judgment was rendered. The injury of which she complains—the potential loss of her property—was directly caused by the state court judgment. *See Dorce v. City of New York*, 2 F.4th 82, 105 (2d Cir. 2021) ("By effecting the divestiture of Plaintiffs' interest in their property, the state court judgments thus directly inflected the injury complained of.").

Finally, even though Plaintiff asserts that she is not seeking review or reversal of the state court judgment (*see* ECF 1, at 3), the crux of her claim is that the state court never had jurisdiction over her because the affidavit of service was defective. By asking this Court to find that the state court judgment against her is unenforceable because she was not properly served in

that action—and, therefore, that the state court lacked jurisdiction to enter judgment against her—Plaintiff is asking this court to review and reject the validity of the state court judgment.

The *Rooker-Feldman* bars district courts from hearing challenges to state court judgments on the ground that the state court lacked personal jurisdiction over the defendant in the state court action. *See, e.g.*, *Skit Intern., Ltd. v. DAC Techs. Of Arkansas, Inc.*, 487 F.3d 1154, 1156-58 (8th Cir. 2007) (affirming dismissal under *Rooker-Feldman* where plaintiff sought to challenge state court judgment for lack of service and lack of personal jurisdiction); *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) (holding that *Rooker-Feldman* bars consideration of whether state court lacked personal jurisdiction); *Williams v. Rudder*, No. 98-16059, 1999 WL 311348, at *1 (9th Cir. May 14, 1999) ("Because federal district courts lack appellate jurisdiction over state court decisions, even where the claim is that they state court lacked personal jurisdiction the district court properly dismissed this action under the *Rooker-Feldman* doctrine."); *Brooks-Jones v. Jones*, 916 F. Supp. 280, 282 (S.D.N.Y. 1996) (holding that *Rooker-Feldman* barred district court from hearing challenge to state court judgment on grounds that state court lacked personal jurisdiction over plaintiff); *Bartlett v. Tribeca Lending Corp.*, No. 21-CV-3564 (LTS), 2021 WL 2206488, at *1 (S.D.N.Y. June 1, 2021) (explaining that *Rooker-Feldman* bars a claim that state court lacked personal jurisdiction over plaintiff because plaintiff was not properly served); *see also Vossbrinck*, 773 F.3d at 427 ("To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrink's claim.").

The proper forum for Plaintiff's challenge to the state court's jurisdiction to enter judgment against her is within the state court system or the United States Supreme Court, not this Court. *See Rooker*, 263 U.S. at 415 (explaining that even if the state court judgment was

incorrect, "that d[oes] not make the judgment void, but merely le[aves] it open to reversal or modification in an appropriate and timely appellate proceeding").

The Court therefore dismisses Plaintiff's claims under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    May 13, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

6